UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JENNIFER MERCER, and | ) |
| JONATHAN MERCER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 3:12-CV-201-PLR-CCS |
| | ) |
| STACIE WALKER, | ) |
| CLIVE WALKER ENTERPRISES, LLC, | ) |
| PROGRESSIVE HAWAII INSURANCE | ) |
| CORPORATION, JOHN/JANE DOE I, and | ) |
| JOHN/JANE DOE II, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case arises from an automobile accident in Roane County, Tennessee. Plaintiffs sued two named defendants, Stacie Walker and Clive Walker, LLC, as well as two unknown defendants, John/Jane Doe I and John/Jane Doe II. Plaintiffs also served a summons and copy of their Complaint upon their uninsured motorist insurance carrier, Progressive Hawaii Insurance Corporation. Progressive has filed an answer to Plaintiff's Amended Complaint and has chosen to defend this case in its name pursuant to the provisions of Tenn. Code Ann. § 56-7-1201 *et seq.* (Uninsured Motor Vehicle Coverage). Currently pending before the court is the motion for summary judgment filed by Progressive Hawaii Insurance Corporation. The court has carefully considered the

pending motion, plaintiffs' response, and the supporting exhibits in light of the applicable law. For the reasons stated herein, the court finds Progressive's motion for summary judgment not well-taken, and the motion will be **DENIED.**

## I. Factual Background

In the Agreed Pretrial Order entered in this case, plaintiffs allege that on January 20, 2012, in Roane County, Tennessee:

> A tractor-trailer changed lanes, coming over on top of the plaintiff, forcing her off the traveled portion of the roadway and onto the shoulder where her car then started to hydroplane. The tractor-trailer then continued to drive on and could never be identified. The John/Jane Doe tractor-trailer violated Tenn. Code Ann. § 55-5-136 in failing to exercise due care in the operation of his/her truck and trailer and, more specifically, violated Tenn. Code Ann. § 55-8-142, turning movement, in that he/she changed lanes without warning. This conduct also gives rise to allegations of common law negligence in failing to notify drivers around him/her that he/she was going to change lanes.

[R. 66].

Plaintiffs also alleged that Jennifer Mercer lost control of her car and struck a guardrail on I-40 eastbound due to the leakage of fuel by a truck driven by Stacie Walker, which was owned by Clive Walker Enterprises, LLC. Plaintiffs subsequently settled their claims against Stacie Walker and Clive Walker Enterprises, LLC, and executed a Release of All Claims and Settlement Agreement on January 17, 2014. The Release contains a provision titled "GENERAL AND ABSOLUTE RELEASE." In this provision, plaintiffs "release and forever discharge" the named defendants – Stacie Walker, Clive Walker Enterprises, LLC, and Great West Casualty Company. The Release goes on to state:

2

> In consideration of the payment described in Paragraph No. 1 of this Release, and for other good and valuable consideration, the receipt and sufficiency of which Plaintiffs hereby acknowledge, Plaintiffs do hereby release and forever discharge . . . **any other person, corporation, association, or partnership** charged with responsibility from any and all claims, demands, obligations, liens, subrogation claims, or liabilities for losses and damages, whether personal, property, or economic, whether now known or unknown, in any way arising out of or related to the automobile accident, in Roane County, Tennessee, or in any way arising out of any act occurrence, act or omission that was, or could have been alleged in the action by the Plaintiffs.

[R. 55-1, p. 8] (emphasis provided).

Progressive has moved for summary judgment stating that the plain and unambiguous language of the Release clearly establishes the intention of Plaintiffs to release all claims arising out of the auto accident for the sum of $10,000, and authorizes the dismissal of the litigation in this case.

## II. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Keifer*, 301 F.3d 937, 942 (6th Cir. 2002).

3

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250.

### III. Analysis

Progressive asserts that the Release forever discharged all parties, including the John/Jane Doe defendants, from liability arising out of any act or omission that was or could have been alleged by Plaintiffs arising from the accident in Roane County,

4

Tennessee. Progressive states that Tenn. Code Ann. § 29-11-105, Release or Covenant not to Sue, provides:

> When a release or covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the same injury or the same wrongful death; (1) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (2) It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor.

Progressive argues that a settlement agreement may release a particular defendant if the plain language of the contract includes other unnamed parties under the release provision. Here, the plain, unambiguous contract language in the Release includes "any other person, corporation, association, or partnership." Additionally, the Release patently provides for the release of those parties "charged with the responsibility from any and all claims . . . arising out of or related to the automobile accident in Roane County, Tennessee." Progressive is charged with the financial responsibility to pay for claims against uninsured or underinsured motorists that were part of the accident in Roane County, Tennessee. Therefore, all claims against Progressive should be dismissed because Progressive clearly falls within the scope of the clear and unambiguous language agreed to and executed by the plaintiffs in the Release that describes which parties should be discharged. Finally, Progressive argues that the Release discharges defendants from responsibility "arising out of any occurrence, act, or omission that was, or could have been alleged in the action by Plaintiffs." Thus, the claims in this case against Progressive should be dismissed because they fall under the inclusive language of the Release.

Plaintiffs respond that the Release executed as to the named defendants does not release Progressive, the uninsured motorist carrier, from providing indemnification coverage for the John/Jane Doe defendants. Plaintiffs concede that Progressive is entitled to offset any judgment against John/Jane Doe by the amount received by plaintiffs in exchange for dismissing the named defendants from this case, pursuant to Tenn. Code Ann. § 29-11-105. However, as Progressive was not a party to the settlement between plaintiffs and the named defendants, there was no mutual assent between plaintiffs and Progressive to the terms of the settlement agreement. Plaintiffs further argue that because Progressive provided no consideration for the settlement agreement, the Release is unenforceable as to Progressive due to a lack of consideration.

The formation, interpretation, and enforceability of settlement agreements are governed by general contract law. *Sweeten v. Trade Envelopes Inc.,* 938 S.W.2d 383, 386 (Tenn. 1996). In order to be enforceable, a contract "must result from a meeting of the minds of the parties in mutual assent to the terms." *Id.* Thus, absent mutual assent to the essential terms of a claimed settlement agreement, the agreement cannot be enforceable. *State v. Clements,* 925 S.W.2d 224, 227 (Tenn. 1996). The intent of the parties to a writing or writings is determined from the totality of the written terms, taken as a whole, in the context of the surrounding circumstances. *See Fort Sanders Regional Med. Ctr. v. Collins,* 1992 WL 184682 at *1 (Tenn.Ct.App. 1992).

The parties have not cited any cases from the Tennessee appellate courts directly on point and the court has found none. Therefore, the court has looked to the Restatement (Third) of Torts, which states:

(a) A settlement is a legally enforceable agreement in which a claimant agrees not to seek recovery outside the agreement for specified injuries or claims from some or all of the persons who might be liable for these injuries or claims. (b) Persons released from liability by the terms of a settlement are relieved of further liability to the claimant for the injuries or claims covered by the agreement, but the agreement does not discharge any other person from liability.

Restatement (Third) of Torts: Apportionment Liability § 24 Definition and Effect of Settlement. Comment G of this section states:

When one party has a different understanding of an agreement than the other, the contract is interpreted in favor of the party who was unaware of a different meaning when the other party knew or should have known that the first party was unaware of the different meanings. See Restatement Second, Contracts § 201. Consistent with this principle, when a plaintiff enters into a settlement agreement with one tortfeasor and understands that the agreement only releases that settling tortfeasor, an "all persons" release should not be interpreted as extending to all other tortfeasors. . . .

Thus, a presumption that an unadorned "all persons" release does not release persons who are not named or otherwise described in a settlement agreement is consistent with contract law. It reflects the reality that many such clauses are not intended to benefit other nonsettling tortfeasors. When the parties truly intended that an "all persons" clause in a settlement release all other tortfeasors, the person claiming the benefit of that clause may plead and prove the circumstances supporting such an intention.

Restatement (Third) of Torts: Apportionment Liability § 24 Definition and Effect of Settlement, Comment G.

There is nothing in the record in the instant case to establish that plaintiffs sought to accomplish more than to settle any claims they had against the named defendants. There was no meeting of the minds that the plaintiffs' claims against the John/Jane Doe defendants were settled. When a settlement agreement specifies the parties who are released, the agreement is subject to contract interpretation principles. If there is a dispute over whether a particular individual is released, the burden of pleading and

7

proving that the settlement releases the individual is on the party claiming release. Progressive has not carried its burden to prove that the parties intended to release the John/Jane Doe defendants. There was no mutual assent between plaintiffs and Progressive to the terms of the settlement agreement. Accordingly, the court finds that the Release does not extinguish plaintiffs' claims against the John/Jane Doe defendant.

## IV. Conclusion

In light of the foregoing discussion, Progressive Hawaii Insurance Corporation's motion for summary judgment [R. 54] is **DENIED**.

Enter:

_____
**UNITED STATES DISTRICT JUDGE**